FILED

January 14 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0337

DA 15-0337

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 13N

HARBOR VILLAGE HOMEOWNERS ASSOCIATION,
INC., a Montana Corporation,

Petitioner and Appellee,

v.

SAM WALDENBERG and SHIRLEEN WEESE,
individually and as Trustees of the S&SW TRUST,

Respondents and Appellants.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-12-1190C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Richard De Jana, Richard De Jana & Associates, PLLC, Kalispell, Montana

For Appellee:

Paul A. Sandry, Johnson, Berg & Saxby, PLLP, Kalispell, Montana

Submitted on Briefs:   December 2, 2015
Decided:   January 14, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Sam Waldenberg and Shirleen Weese appeal the Eleventh Judicial District Court's order dismissing their claims against the Harbor Village Homeowners Association (HVHOA or Association). We affirm.

¶3      In 1997, a developer established the residential Eagle Bend West Subdivision in Big Fork, Montana. The residential properties within Eagle Bend were subject to specific covenants established by the Eagle Bend homeowners association. These 1997 covenants as well as Articles of Incorporation and Bylaws for Eagle Bend West Community Association were filed and recorded with the Flathead County Clerk and Recorder but the Articles were never filed with the Montana Secretary of State. In 1998, husband and wife Waldenberg and Weese (Homeowners) purchased two lots located on Harbor Drive in the Eagle Bend subdivision. In 2001, the members of the homeowners association (HOA), including Waldenberg and Weese, approved changing the name of the HOA to Harbor Village Homeowners Association. The HVHOA amended its covenants in both 2002 and 2011.

¶4      In 2011, Homeowners sought approval from the Design Review Committee of the HVHOA for the construction of a fence around the perimeter of their property. In June 2012, the HVHOA approved their design and the submitted application for construction. In August 2012, after construction was underway, the HVHOA determined the fence was not in

2

compliance with the application and issued a Notice of Non-Compliance. Homeowners disregarded the notice. In October 2012, in reliance upon the 2011 covenants, the HVHOA petitioned for a temporary restraining order and injunctive relief to prohibit further construction and to require removal of the non-compliant fence. Homeowners counterclaimed seeking in part a declaratory judgment that the HVHOA was not a valid homeowners association and therefore had no governance authority over Homeowners' property. Homeowners further sought restitution of the membership fees they had paid to HVHOA since 2002, plus interest.

¶5     The District Court ruled on summary judgment that the 2011 amended covenants were void because they had not been amended properly under the terms of the original 1997 covenants. Consequently, the court held that HVHOA could not proceed with its petition under the 2011 covenants. The court offered the HVHOA the option of amending its complaint to proceed under either the 2002 or 1997 version of the covenants but the Association declined, electing instead to simply defend against the Homeowners' counterclaims. The District Court also ruled that Homeowners could not receive attorney fees under the void 2011 covenants.

¶6     Homeowners amended their counterclaims to include a claim for abuse of process, malicious prosecution, and interference with quiet enjoyment. A bench trial was held October 27 through 29, 2014. In May 2015, the District Court issued its Findings of Fact, Conclusions of Law and Judgment. The court determined that the 1997 covenants created and established a valid and lawful homeowners association. Additionally, it held that while the 2002 amendments to the covenants were not adopted in compliance with the terms of the

3

1997 covenants, the HVHOA was nonetheless a legitimate homeowners association having been ratified by its members, including Homeowners, all of whom had accepted the Association and its governance since 2002. The court concluded that the Association had not properly amended the covenants in 2002 or 2011; therefore, the 1997 covenants remained in effect.

¶7 The District Court also determined that Homeowners were not entitled to reimbursement of the HVHOA dues they had paid since 2002 because they had over the years accepted the benefits of the Association in exchange for the payment of dues. The court concluded that Homeowners had ratified the "possibly" voidable contract with the HVHOA by subsequent consent through participation with the HOA and acceptance of its benefits.

¶8 The District Court also addressed the Homeowners' claims of unjust enrichment, abuse of process, and malicious prosecution and concluded that Homeowners had not established recoverable claims under these legal theories. Lastly, the court concluded that Homeowners were not entitled to punitive damages because the HVHOA's challenged actions were not motivated by actual malice. The District Court dismissed Homeowners' claims against the HVHOA with prejudice and ordered both parties to bear their own attorneys' fees and costs.

¶9 Homeowners appeal claiming the District Court erred in concluding the HVHOA was a valid homeowners association and that Homeowners were not entitled to their attorneys' fees.

¶10    Homeowners assert that because HVHOA was not the homeowners association created by and named in the 1997 covenants it could not assume the authority granted in those covenants. They claim that the court erred by basing its judgment on HVHOA's articles and by-laws rather than the 1997 covenants and erred in concluding that they are estopped from challenging HVHOA's authority. We are unpersuaded and conclude the District Court did not err in applying the doctrine of ratification.

¶11    In *Erler v. Creative Fin. & Invs.*, 2009 MT 36, 349 Mont. 207, 203 P.3d 744, we discussed the "robust history" of the doctrine of ratification within our State's jurisprudence, noting that "[r]atification appeared even before statehood." *Erler*, ¶ 25 (citing *Schnepel v. Mellen*, 3 Mont. 118 (1878)). Ratification is defined as "the confirmation of a previous act done either by the party himself or by another." *Erler*, ¶ 25. Ratification is a form of equitable estoppel and is applied both in the agency context as well as in contracts. A previously formed voidable contract may be ratified by subsequent actions of the parties which in turn bind the parties to the terms of the contract and entitle them to the proper benefits of the contract. *Erler*, ¶ 26 (quoting *In Audit Servs. v. Francis Tindall Constr.*, 183 Mont. 474, 477-78, 600 P.2d 811, 813 (1979)). Section 28-2-304, MCA, provides "A contract which is voidable solely for want of due consent may be ratified by a subsequent consent."

¶12    In the case before us, the creation of HVHOA was not in compliance with the covenant amendment provisions of the 1997 covenants. However, the members of the HVHOA, including Homeowners, began paying dues to the Association in 2002 and most members still continue to do so. Additionally, HVHOA, since its creation, has used

5

membership dues to secure goods and services to the benefit of its membership. HVHOA members have accepted these benefits of membership and many, including Homeowners, have actively participated in HVHOA as board members and officers. While HVHOA may not have been lawfully created in 2001 under the 1997 covenants, its actions have nonetheless been repeatedly ratified by the Association members, including Homeowners, since 2002.

¶13 We affirm the District Court's application of ratification and its determination that HVHOA was a valid homeowners association with enforcement authority over its members. We also affirm the court's refusal to grant Homeowners' request for restitution of their HVHOA membership dues. We therefore need not address the additional claims for relief presented by Homeowners, as these claims are premised upon Homeowners' assertion that the HVHOA was not a valid HOA. We further affirm the District Court's denial of Homeowners' request for attorneys' fees under the 1997 covenants.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of facts are supported by substantial evidence and the legal issues are controlled by settled Montana law which the District Court correctly interpreted.

¶15 Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON

6

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA